**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINERVA SANCHEZ BELLO; GERARDO ORTUNO SANCHEZ; ULISES URIEL ORTUNO SANCHEZ, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-72229 Agency Nos. A206-915-332 A206-915-333 A206-915-334 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2020**
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Lead Petitioner Minerva Sanchez Bello and her two sons seek review of the

decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the

denial of their application for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Under the Immigration and Nationality Act, an applicant seeking asylum or withholding of removal must demonstrate past persecution or a well-founded fear of future persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted). The agency's determination that the petitioners failed to establish harm related to race, religion, nationality, membership in a particular social group, or political opinion was supported by substantial evidence. *See id.* (reviewing the BIA decision for substantial evidence). The lead petitioner was unable to persuade the Immigration Judge or the BIA that her husband was killed by members of the cartel, leaving the reason for his death unknown.

Substantial evidence also supports the agency's finding that survivors of bus and limo drivers who have been shot by cartel members; male, gang-aged members who resist recruitment; the Ortuno family of chauffeurs; and sons of the Ortuno family of chauffeurs, are not recognized social groups in Mexico. To establish a cognizable social group, an applicant must demonstrate that "the proposed social group is (1) composed of members who share a common

2

immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (citations and internal quotation marks omitted). There must also be evidence demonstrating that society perceives the "persons sharing the particular characteristic to be a group." *Reyes v. Lynch*, 842 F.3d 1125, 1131, 1135 (9th Cir. 2016) (holding that the BIA's articulation of the social group requirement was reasonable) (emphasis omitted). Petitioners failed to present evidence demonstrating that society views their proposed social groups as sharing a particular characteristic that defines the groups. *See id.* at 1131-32.

An applicant qualifies for CAT relief if she demonstrates "that torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019) (citation and internal quotation marks omitted).

Substantial evidence supports the agency's finding that the Petitioners did not meet their burden, as their claims of likelihood of torture were speculative. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (concluding that the possibility of torture remained too speculative to compel reversal).

**PETITION DENIED.**